MCGREGOR W. SCOTT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>     v.<br><br>THOMAS LAYMAN BINFORD,<br><br>           Defendant. | Case No. 1:20-mj-00087-EPG<br><br>**STIPULATION TO CONTINUE PRELIMINARY HEARING AND TO EXTEND TIME WITHIN WHICH AN INDICTMENT OR INFORMATION MAY BE FILED FROM SEPTEMBER 3, 2020 TO SEPTEMBER 17, 2020; ORDER**<br><br>Date: September 3, 2020<br>Time: 2:00 p.m.<br>Honorable Barbara A. McAuliffe |

     The United States of America, by and through McGregor W. Scott, United States Attorney, and Brian W. Enos, Assistant United States Attorney, and defendant Thomas Layman Binford ("defendant"), by and through his attorney of record, Mark W. Coleman, hereby stipulate and agree as follows:

     Defendant was charged by Criminal Complaint in the above-captioned matter on or about August 19, 2020. Defendant appeared at his initial appearance in Courtroom 10 of this court on August 20, 2020. The Preliminary Hearing in this matter was initially set for Thursday, September 3, 2020 in Courtroom 8.   The parties hereby stipulate to a continuance of this matter's preliminary hearing from September 3, 2020 to September 17, 2020, for the reasons set forth below.

      In response to the current COVID-19 public emergency, the Centers for Disease Control and Prevention (CDC) has issued guidelines recommending against gatherings of fifty or more persons,

STIPULATION TO CONTINUE PRELIMINARY HEARING      1

effective March 15, 2020; on March 16, 2020, President Trump cautioned that gatherings should be limited to ten persons or fewer; the World Health Organization declared COVID-19 a global pandemic on March 11, 2020; President Trump declared the outbreak to constitute a national emergency on March 13, 2020; California Governor Gavin Newsom declared a state of emergency on March 4, 2020 and issued a shelter in place order on March 19, 2020.

The CDC currently recommends that people attempt to keep an appropriate distance between themselves and other people, a technique known as social distancing, which is especially important for individuals with a higher health risk, and that employers attempt to minimize exposure between employees and the public and to consider the public health and safety when scheduling group or public events; and

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice.  This General Order was entered to address public health concerns related to COVID-19.  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 1, 2021.[1]

Pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b), an information or indictment charging an individual with the commission of an offense shall be filed within 30 days from the date on which such individual was arrested but "[i]f an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days".[2]  In addition to this automatic exclusion, the Act excludes "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

[2] This provision should apply to grand juries that remain available but are not sitting.  The Supreme Court has referred to a grand jury being "not in session" to refer to the grand jury's "schedule," not its empanelment.  *Jaben v. United States*, 381 U.S. 214, 219 (1964); *United States v. Towill*, 548 F.2d 1363, 1367 (9th Cir. 1977) ("A close reading of *Jaben* convinces us that the Court meant to equate 'session' with the current 'grand jury schedule,' not with the theoretical possibility of summoning a grand jury on short notice.").  "In session," under Federal Rule of Criminal Procedure 6(d)(1), similarly refers to a particular meeting of the grand jury; thus the Rule describes the "persons who may be present while the grand jury is in session[.]"  *Id*.

granted the continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest in the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

Under 18 U.S.C. § 3164, an additional speedy-trial requirement applies to a defendant who is (1) "being held in detention solely because he is awaiting trial" or (2) "released" but "designated by the attorney for the Government as being 'high risk.'" 18 U.S.C. § 3164(b). For such defendants, trial "shall commence not later than ninety days following the beginning of such continuous detention or designation of high risk by the attorney for the Government." *Id*. Failure to do so shall result in release from custody or "automatic review . . . of the conditions of release." *Id*. However, the "periods of delay enumerated in section 3161(h) are excluded in computing the time limitation specified in this section." *Id*. Accordingly, the ends-of-justice exclusion applies to § 3164's 90-day rule.

Although the General Orders and declaration of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address

STIPULATION TO CONTINUE PRELIMINARY HEARING    3

continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit much more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[3] If continued, this Court should designate a new date for the preliminary hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

The parties request that time be excluded between September 3, 2020 and September 17, 2020 for the following reasons:

1. While the government has endeavored to hold grand jury in the district court here in Fresno on a weekly or near weekly basis, it has not been able to successfully obtain a quorum of grand jurors every week. The government is prepared to present this case to the grand jury when it is next empaneled, and anticipates being able to do so, but it will not be able to confirm the extent it obtains a quorum at this next session until the grand jury date itself;

2. The government anticipates presenting this matter to the grand jury the next time a grand jury is empaneled, whether at the next scheduled grand jury session or the session after that;

3. The government is in the midst of preparing discovery in this case, which will include hundreds of pages of materials in addition to electronic evidence. The government will present a proposed stipulation and order to the defense so it can produce such discovery

---

[3] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION TO CONTINUE PRELIMINARY HEARING      4

without redactions. The government expects to be able to file this stipulation by the end of this week, and send defense counsel unredacted discovery by next week;

4. The defense will need additional time to consult with his client, to review the current charges, to conduct investigation and research related to the charges, to review and copy discovery for this matter, to discuss potential resolutions with his/her client, to prepare pretrial motions, and to otherwise prepare for trial. Defense investigation has been slowed by the inability to review discovery with their clients and communication has been hampered given the conditions at the jail. Regarding this case, defendant is currently under quarantine pursuant to testing positive for COVID-19 in August 2020. The proposed preliminary hearing deadline represents the earliest date that all counsel are available thereafter, if necessary due to the next grand jury's potential inability to obtain a quorum, taking into account counsel's schedules, defense counsel's commitments to other clients, and the need for preparation in the case and further investigation.

5. In addition, the public health concerns cited by General Order 611, 612, 617, and 618 and the judicial declaration of emergency and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.

The parties further believe that time should be excluded, in that failure to grant the requested case schedule would unreasonably deny the defendants continuity of counsel, and unreasonably deny both the defendants and the government the reasonable time necessary for effective preparation, taking into account the parties' due diligence in prosecuting this case. 18 U.S.C. Section 3161(h)(7)(B)(iv). Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act. Therefore, the parties request that the Court exclude the time until the new hearing date from calculations under the Speedy Trial Act.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

STIPULATION TO CONTINUE PRELIMINARY HEARING     5

justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the Preliminary Hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. Pursuant to Rule 5.1(d) of the Federal Rules of Criminal Procedure, and taking into account the public interest in the prompt disposition of criminal cases, good cause exists to continue the preliminary hearing date from September 3, 2020 to September 17, 2020.

2. In addition, the ends of justice served by a continuance outweigh the best interests of the defendant and the public in a speedy trial because failure to grant a continuance would:

    a) likely result in a miscarriage of justice;

    b) deny counsel for the defendant and the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence;

    c) The discovery associated with this case includes many reports and other documents in addition to electronic evidence, and the government will provide such discovery to the defense so that counsel may commence its investigation into the charges and consult with his client;

    d) Counsel for defendant desires additional time to review discovery and to confer with his client regarding a potential resolution of this matter;

    e) Counsel for the parties believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, especially in light of the closing of the United States Attorney's Office due to possible exposure to COVID-19; and

    f) In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal

1   contact should the grand jury be required to meet or a trial be set to proceed.

2   3.     Based on the above-stated findings, the ends of justice served by continuing the case as
3   requested outweigh the interest of the public and the defendant in a trial within the original date
4   prescribed by the Speedy Trial Act.

5   4.     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq.,
6   within which trial and indictment must commence, the time period of September 3, 2020, and September
7   17, 2020 inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]
8   because it results from a continuance granted by the Court at defendant's request on the basis of the
9   Court's finding that the ends of justice served by taking such action outweigh the best interest of the
10  public and the defendant in a speedy trial

11  5.     Therefore, the parties agree that time should be excluded from computation under the
12  Speedy Trial Act under 18 U.S.C. § 3161(h)(7).

13  ACCORDINGLY, the parties respectfully ask the Court to find that:

14  Pursuant to Rule 5.1(d) of the Federal Rules of Criminal Procedure, and taking into account the
15  public interest in the prompt disposition of criminal cases, good cause exists to continue the preliminary
16  hearing date to September 17, 2020;

17  In any event, the ends of justice served by a continuance outweigh the best interests of the public
18  and the defendant in a speedy trial, and the period of time from September 3, 2020 to and including
19  September 17, 2020, constitutes a period of delay that shall be excluded in computing the time within
20  which an information or an indictment must be filed and within which trial must begin pursuant to 18
21  U.S.C. § 3161(h)(7).

22  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy
23  Trial Act dictate that additional time periods are excludable from the period within which a trial must
24  commence.

25  ///
26  ///
27  ///
28  ///

STIPULATION TO CONTINUE PRELIMINARY HEARING     7

1    IT IS SO STIPULATED.

2   Dated: September 1, 2020                    MCGREGOR W. SCOTT
                                                United States Attorney
3
4                                                /s/ *Brian W. Enos*
                                                BRIAN W. ENOS
5                                               Assistant United States Attorney

6

7                                               *(As authorized September 1, 2020)*

8   Dated:  September 1, 2020                   /s/*Mark W. Coleman*
                                                Mark W. Coleman
9                                               Attorney for Defendant Thomas Layman Binford

10

11                                      **ORDER**

12           Based upon the facts set forth above, the records of this case, the representations of

13  counsel, and the stipulation of the parties,

14

15      IT IS THE FINDING OF THIS COURT that:

16      Pursuant to Rule 5.1(d) of the Federal Rules of Criminal Procedure, and taking into account the

17  public interest in the prompt disposition of criminal cases, there is good cause to extend the time limit

18  for holding a preliminary hearing until September 17, 2020.

19      The period of time for filing of the indictment is extended to pursuant to 18 U.S.C. § 3161(b),

20  until September 17, 2020;

21      The ends of justice served by the schedule set forth herein as requested outweigh the interest of

22  the public and the defendants in a either an indictment or a trial within the original date prescribed by

23  the Speedy Trial Act for the reasons stated in the parties' stipulation.

24      IT IS HEREBY ORDERED that the preliminary hearing in this case be continued from

25  September 3, 2020 until **September 17, 2020 at 2:00 p.m. before Magistrate Judge Erica P.**

26  **Grosjean.**

27      IT IS FURTHER ORDERED THAT for the purpose of computing time under the Speedy Trial

28  Act, 18 U.S.C. § 3161(b) and 3164, within which an indictment must be returned and trial must

commence, the time period of September 3, 2020 until September 17, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated: __September 1, 2020__           /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE