McGREGOR W. SCOTT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>THOMAS LAYMAN BINFORD,<br><br>　　　　　　Defendant. | Case No: 1:20-cr-00150-DAD-BAM<br><br>**STIPULATION TO CONTINUE OCTOBER 28, 2020 STATUS CONFERENCE TO DECEMBER 9, 2020; AND ORDER**<br><br>Ctrm:　 8<br><br>Hon. Barbara A. McAuliffe |

　　　This case is set for a status conference on Wednesday, October 28, 2020. Dkt. 17. It was originally set to take place on Monday, November 9, 2020 (Dkt. 15), but for reasons stated in the court's minute order of September 24, 2020 (Dkt. 17), the court advanced the matter to October 28, 2020.

　　　On April 17, 2020, this Court issued General Order 617, which suspended all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allowed district judges to continue all criminal matters to a date after June 1. This and previous General Orders were entered to address public health concerns related to COVID-19. On May 13, 2020, this Court issued General Order 618, which superseded General Order 617 and extended the court's "judicial emergency for an

1

additional one-year period and suspending the time limits [in criminal cases] of 18 U.S.C. § 3161(c) until May 2, 2021."

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit much more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date for this matter's next status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and Mark W. Coleman, counsel for defendant Thomas Layman Binford ("defendant"), that this action's **Wednesday, October 28, 2020 status conference be continued to Wednesday, December 9, 2020, at 1:00 p.m.**  The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause.  Specifically,

1. The grand jury returned an indictment regarding this matter on September 3, 2020. Dkt. 12. Since that time, the parties agreed to and presented to the court a stipulation and proposed protective order regarding the production of confidential information regarding third parties without redactions (Dkt. 13), which the court endorsed by way of formal order on September 4, 2020.  Dkt. 14.  The government then prepared and delivered an initial set of discovery to defense counsel afterwards, and within the time limits set forth by Eastern District (Cal.) Local Rule 16-440.

2. Since the government provided to the defense initial discovery, it has received additional CDs from case agents that appear to contain information to be provided as supplemental discovery.  Counsel for the government expects to be able to analyze the contents of these CDs within the next few business days, and then promptly prepare and deliver any supplemental discovery contained therein.

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

3

3. Once the defense is able to review the aforementioned discovery and supplemental discovery, it will need to assess the extent it should analyze imaged copies of electronic evidence containing contraband in this case, in accord with relevant provisions of the Adam Walsh Act.  Counsel for the government will assist with any necessary logistics regarding this review.

4. The parties therefore stipulate that the period of time from October 28, 2020, through December 9, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated:  October 23, 2020                                    MCGREGOR W. SCOTT
                                                            United States Attorney


                                                      By:   /s/ Brian W. Enos
                                                            Brian W. Enos
                                                            Assistant United States Attorney


                                                            (*As authorized 10/26/20*)

Dated: October 26, 2020                               By:   /s/ Mark W. Coleman
                                                            Mark W. Coleman, Esq.
                                                            Attorney for Defendant
                                                            Thomas Layman Binford

4

**O R D E R**

IT IS ORDERED that the status hearing currently set for October 28, 2020 at 1:00 p.m. is continued until **December 9, 2020, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe.**

IT IS FURTHER ORDERED THAT the period of time from October 28, 2020 through December 9, 2020 is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv)  because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **October 26, 2020**          /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE