PHILLIP A. TALBERT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 1:20-cr-00150-DAD-BAM |
| Plaintiff, | **STIPULATION TO CONTINUE MARCH 9, 2022 STATUS CONFERENCE TO JUNE 22, 2022; AND ORDER** |
| v. | Ctrm: 8 |
| THOMAS LAYMAN BINFORD, | Hon. Barbara A. McAuliffe |
| Defendant. | |

This case is set for a status conference on Wednesday, March 9, 2022. Dkt. 39. On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order

1

will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

///

The coronavirus is posing a similar, albeit much more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic."  *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reasons to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial.  *Id*.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for this matter's next status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and Mark W. Coleman, counsel for defendant Thomas Layman Binford ("defendant"), that this action's **Wednesday, March 9, 2022 status conference be continued to Wednesday, June 22, 2022, at 1:00 p.m.**  The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause.  Specifically,

1. The grand jury returned an indictment regarding this matter on September 3, 2020. Dkt. 12. Soon afterward, the parties agreed to and presented to the court a stipulation and proposed protective order regarding the production of confidential information regarding third parties

3

without redactions (Dkt. 13), which the court endorsed by way of formal order on September 4, 2020.  Dkt. 14.  The government then prepared and delivered discovery to defense counsel afterwards, and within the time limits set forth by Eastern District (Cal.) Local Rule 16-440.

2. As indicated within the parties' prior stipulation of February 2021, they worked with HSI's Fresno office to arrange for the defense to review electronic evidence in this case in accord with relevant provisions of the Adam Walsh Act.  As part of this review, the defense analyzed voluminous electronic data, including hundreds of text message exchanges through multiple types of social media, as well as attached photographs sent and delivered as part of the same.

3. The parties have been engaging in meaningful discussions about a potential resolution of this case, and will continue to do so.  On this end, counsel for the government delivered to the defense a written plea offer in an effort to reach a resolution prior to trial.  Defense counsel is in the midst of reviewing this offer carefully with defendant (who is currently in custody), as well as conduct any follow up analysis of the electronic and other evidence in this case.  In fact, defense counsel has met with defendant on multiple occasions in this regard, which themselves had to be scheduled during times when the Fresno County Jail did not have inmate quarantines in place in light of the multiple COVID outbreaks it has endured over the past year, both with respect to omicron and other variants.  As a result, while defense counsel has been able to engage in meaningful discussions with defendant about a potential pretrial resolution of this case, the defense believes additional meetings need to take place.

4. Pursuant to the above efforts, defendant has expressed his desire to re-analyze electronic and other evidence in this case with defense counsel.  Defense counsel is working through logistical issues attendant to his ability to re-examine this case's voluminous electronic and other evidence with defendant in this regard.  The defense anticipates that it can accomplish this review and substantively respond to the government's plea offer prior to the parties' proposed continuance date.

5. If any further defense analysis requires a review of evidence stored at the Fresno office of

Homeland Security Investigations ("HSI") pursuant to relevant provisions of the Adam Walsh Act, counsel for the government will work with HSI and the defense to ensure that it promptly takes place.

6. The parties therefore stipulate that the period of time from March 9, 2022, through June 22, 2022, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  The parties anticipate that, by the continued status conference date and assuming no additional quarantines become necessary through potential additional COVID outbreaks, they will be able to advise the court about the extent (1) an agreement has been reached, or, alternatively, (2) a trial date needs to be set.

IT IS SO STIPULATED.

Dated:  February 23, 2022         PHILLIP A. TALBERT
                                  United States Attorney


                              By: /s/ Brian W. Enos
                                  Brian W. Enos
                                  Assistant United States Attorney


                                  (*As authorized 2/23/22*)

Dated: February 23, 2022      By: /s/ Mark W. Coleman
                                  Mark W. Coleman, Esq.
                                  Attorney for Defendant
                                  Thomas Layman Binford

5

**O R D E R**

IT IS ORDERED that the status hearing currently set for March 9, 2022, at 1:00 pm is continued until **June 22, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.

IT IS FURTHER ORDERED THAT the period of time from March 9, 2022 through June 22, 2022 is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **February 24, 2022**          /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE