PHILLIP A. TALBERT
United States Attorney
ARIN C. HEINZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>THOMAS LAYMAN BINFORD,<br><br>                Defendant. | Case No: 1:20-cr-00150 ADA-BAM<br><br>**STIPULATION TO SCHEDULE STATUS CONFERENCE AND EXCLUDE TIME; ORDER** |

On February 27, 2023 Binford filed a motion to suppress. Dkt. 54. On March 20, 2023 the United States filed an opposition, and Binford replied on March 27, 2023. Dkt. 55 and 56. The parties appeared before District Court Judge Ana de Alba on April 10, 2023 and the Court took the matter under submission. Dkt. 57. To date, the parties have not received a written order resolving the motion before the Court. The parties are scheduled to appear at a status conference on August 9, 2023.

The Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open-endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-

1

record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* Finally, 18 U.S.C. § 3161(h)(1)(A)(D) excludes time for "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for this matter's next status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Arin C. Heinz, counsel for the government, and Mark W. Coleman, counsel for defendant Thomas Layman Binford ("defendant"), that this matter be scheduled for a status conference on October 11, 2023 at 1:00 p.m before Magistrate Judge Barbara A. McAuliffe. The parties likewise ask the court to endorse this stipulation by way of formal order. The parties base this stipulation on good cause. Specifically,

1. The parties have continued to engage in meaningful discussions about a potential resolution of this case and will continue to do so. As reported in prior stipulations, the government delivered to the defense a written plea offer, and defense counsel has analyzed and discussed

2

the contents of this offer with defendant on several occasions. At this time, the parties believe this case is not going to be resolved with a plea agreement.

2. The defense would like to consult with a digital forensic expert to analyze the forensic evidence that forms the basis of the charges in this case. The defense requires additional time to do this.

3. The parties also litigated a motion to suppress for this case and are awaiting a ruling from the Court on the motions. On February 27, 2023 Binford filed a motion to suppress. Dkt. 54. On March 20, 2023 the United States filed an opposition, and Binford replied on March 27, 2023. Dkt. 55 and 56. The parties appeared before District Court Judge Ana de Alba on April 10, 2023 and the Court took the matter under submission. Dkt. 57.

4. The parties will continue to await the Court's ruling which could impact the charges in the indictment and therefore impact plea negotiations. The evidence, if suppressed, would be case dispositive of the charges in the Indictment.

5. There is a potential this case will need to be scheduled for trial; however, the parties are not able to fully assess the need to schedule it for trial prior to receiving the Court's ruling on a motion to suppress.

6. The parties request that the status conference scheduled for August 9, 2023 be vacated and a status conference be scheduled for October 11, 2023. At that time, the parties will be able to discuss whether a change of plea should be scheduled or set a trial date.

7. The parties therefore stipulate that the period of time from August 9, 2023 through October 11, 2023, is deemed excludable pursuant to 18 U.S.C. §§§ 3161(h)(1)(A)(D), 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because motions are before the Court and it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

| | | |
|---|---|---|
| Dated:  July 31, 2023 | | PHILLIP A. TALBERT<br>United States Attorney |
| | By: | /s/ ARIN C. HEINZ<br>ARIN C. HEINZ<br>Assistant United States Attorney |
| Dated: July 31, 2023 | By: | /s/ Mark W. Coleman<br>Mark W. Coleman, Esq.<br>Attorney for Defendant<br>Thomas Layman Binford |

4

**O R D E R**

IT IS ORDERED that the status conference scheduled for August 9, 2023, be vacated and the case be scheduled for a status conference on **October 11, 2023, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.

IT IS FURTHER ORDERED THAT the period of time from August 9, 2023 through October 11, 2023 is deemed excludable pursuant to 18 U.S.C. §§§ 3161(h)(1)(A)(D), 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because motions are pending before the Court and it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **August 3, 2023**                   /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE