PHILLIP A. TALBERT
United States Attorney
ARIN C. HEINZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>THOMAS LAYMAN BINFORD,<br><br>　　　　　　　　Defendant. | Case No: 1:20-cr-00150 ADA-BAM<br><br>**STIPULATION TO SCHEDULE JURY TRIAL AND EXCLUDE TIME; ORDER**<br><br>Hon. Barbara A. McAuliffe<br><br>October 11, 2023 at 2:00 pm |

　　On February 27, 2023 Binford filed a motion to suppress. Dkt. 54. On March 20, 2023 the United States filed an opposition, and Binford replied on March 27, 2023. Dkt. 55 and 56. The parties appeared before District Court Judge Ana de Alba on April 10, 2023 and the Court took the matter under submission. Dkt. 57. On August 31, 2023, the Court issued an order denying the defendant's motion to suppress. Dkt. 65. The parties now request the status conference scheduled for October 11,2023 be vacated and the case be docketed for trial August 27, 2024, with a trial confirmation hearing August 12, 2024.

　　The Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

1

"counteract[s] substantive open-endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* Finally, 18 U.S.C. § 3161(h)(1)(A)(D) excludes time for "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for this matter's next status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Arin C. Heinz, counsel for the government, and Mark W. Coleman, counsel for defendant Thomas Layman Binford ("defendant"), that the status conference be vacated and the case be scheduled for trial on August 27, 2024 with a trial confirmation hearing on August 12, 2024. The parties likewise ask the court to endorse this stipulation by way of formal order. The parties base this stipulation on good cause.

///

Specifically,

1. The parties have continued to engage in meaningful discussions about a potential resolution of this case and will continue to do so. As reported in prior stipulations, the government delivered to the defense a written plea offer, and defense counsel has analyzed and discussed the contents of this offer with defendant on several occasions. At this time, the parties believe this case is not going to be resolved with a plea agreement.

2. The defense would like to consult with a digital forensic expert to analyze the forensic evidence that forms the basis of the charges in this case. The defense requires additional time to do this.

3. The parties received a ruling on the motion to suppress on August 31, 2023. Dkt. 65. The defense requires additional time to investigate and assess the evidence in light of the Court's denial of the defendant's motion to suppress.

4. The parties request that the status conference scheduled for October 11, 2023, be vacated and this case be scheduled for trial on August 27, 2024. This date reflects the earliest available date that the parties are available for trial. The defense requires this time to prepare for trial, continue to investigate, and assess the evidentiary issues at trial.

5. The parties therefore stipulate that the period of time from October 11, 2023 until August 27, 2024 is deemed excludable pursuant to 18 U.S.C. §§§ 3161(h)(1)(A)(D), 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because motions are before the Court and it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

3

| | | |
|---|---|---|
| Dated: September 28, 2023 | | PHILLIP A. TALBERT<br>United States Attorney |
| | | By: /s/ ARIN C. HEINZ<br>ARIN C. HEINZ<br>Assistant United States Attorney |
| Dated: September 28, 2023 | | By: /s/ Mark W. Coleman<br>Mark W. Coleman, Esq.<br>Attorney for Defendant<br>Thomas Layman Binford |

### O R D E R

IT IS SO ORDERED that the status conference set for October 11, 2023, is vacated. A jury trial is set for **August 27, 2024, at 8:30 a.m. before District Judge Ana de Alba**. Estimate time of trial is **5 days**. A trial confirmation is set for **August 12, 2024, at 8:30 a.m. before District Judge Ana de Alba**.

IT IS FURTHER ORDERED THAT the period of time from October 11, 2023 through August 27, 2024 is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(1)(A)(D), 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated: **October 2, 2023**          /s/ Barbara A. McAuliffe
                                                    UNITED STATES MAGISTRATE JUDGE

4