MICHELE BECKWITH
Acting United States Attorney
ARIN C. HEINZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS LAYMAN BINFORD,<br><br>Defendant. | CASE NO. 1:20-CR-00150-NODJ-BAM<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br><br>DATE: February 10, 2025<br>TIME: 9:00 a.m.<br>COURT: Hon. Troy A. Nunley |

## I.  INTRODUCTION

The United States of America, by and through its undersigned counsel, respectfully requests that the Court sentence Thomas Binford ("the defendant") to 180 months of imprisonment and 120 months of supervised release. Per the terms of the plea, the Government calculates Binford's total adjusted offense level as 33 months and his criminal history category as I, with a resulting guideline range of imprisonment of 135-168 months. However, the statutory mandatory minimum for this offense is 180 months; therefore, the guideline range is 180 months.

In contrast to the guidelines calculated in the plea, the U.S. Probation Office included a 2-level increase for vulnerable victim under U.S.S.G. §3A1.1(b)(1), thus resulting in a guideline range of 168 to 210 months. Presentence Investigation Report ("PSR") ¶ 86. The Government is not requesting the Court apply this enhancement because Section 2G2.2(b)(4)(B) properly applies in this case. Section 2G2.2(b)(4)(B) is new to the U.S. Sentencing Guidelines within the last decade. To explain, beginning

with the 2016 edition of the Guidelines, application of the four-level enhancement set forth in § 2G2.2(b)(4) was broadened from originally applying to fact patterns where "the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence" to those that encompassed both offenses involving "material that portrays **(A)** sadistic or masochistic conduct or other depictions of violence; **or (B) sexual abuse or exploitation of an infant or toddler**." (broadening language in **bold**). Application Note 4 to § 2G2.2 provides "[i]f subsection (b)(4)(B) applies, do not apply § 3A1.1(b)." Accordingly, if the "infant or toddler" enhancement applies, this application note directs parties to not apply the vulnerable victim enhancement under § 3A1.1(b) so the parties did not apply this enhancement in their negotiated plea. The parties ask the Court to do the same.

## II.   SENTENCING RECOMMENDATION

In light of the sentencing factors provided in 18 U.S.C. § 3553(a), a low-end guideline sentence of 180 months of imprisonment is appropriate in this case.  This recommendation is justified by the nature and circumstances of the defendant's offense, the need to provide just punishment, the need to afford adequate deterrence, the need to protect the public, and the need to provide the defendant with correctional treatment.  § 3553(a)(1), (a)(2).

As noted in the PSR, Binford's actions sexually exploiting children are both widespread and grim. Beginning in July 2020, Binford communicated in a sexually suggestive manner with an undercover agent posing as a 13-year-old child, culminating in Binford meeting up with the UC. ¶ 5-12. After searching Binford's phone pursuant to a search warrant, agents recovered at least 150 but fewer than 300 images of material depicting minors engaged in sexually explicit conduct, and these images included depictions of pre-pubescent minors including at least one infant or toddler. The details of a sampling of the photos recovered is outlined in the PSR. PSR¶13-15. Additionally, Binford was convicted of Lewd of Lascivious Acts with Children Under 14 in 2001 for sexual acts committed on his 12-year-old daughter. PSR ¶51. Finally, in 2017, Binford communicated with a separate UC, who was posing as a father with a 10-year-old daughter. PSR¶ 41. In those conversations, Binford told the UC "he hoped the UC would one day trust him because he would be honored to help teach the UC's daughter while the UC watched them." PSR ¶42.   In short, the defendant's actions reveal him as committing acts beyond that of a passive collector.  Numerous children have been victimized by the defendant through

his receipt of images depicting their sexual abuse.  The sentence here needs to account for the seriousness of the defendant's actions.  A 180-month term of imprisonment would reflect the serious nature of the defendant's crimes and afford just punishment.

The defendant's large collection of child pornography, coupled with his conversations with two separate UCs, and prior sexual abuse of his daughter, show his steadfast determination to sexually exploit children.  For these reasons, the sentence here should both deter him, and others, from engaging in future criminal conduct, and also protect the public.  In imposing its sentence for the receipt of child pornography, the Court should send a message of deterrence, both to the defendant, with regard to his potential future conduct, and generally to all offenders with a sexual interest in children.  A low-end guideline sentence of 180 months is necessary to deter the defendant, and other like-minded individuals, from repeating this criminal behavior, and to protect children.

The sentence imposed here should also serve to provide correctional, rehabilitative treatment to the defendant.  A prison term of 180 months with sex offender treatment that continues during a 12-year term of supervision will not eliminate the defendant's sexual interest in children.  However, it should provide him with sufficient insights and techniques to help reduce the risk that he will continue to present to the public, particularly children.  A 12-year term of supervised release is warranted so that he participates in sex offender treatment, is obligated to register as a sex offender, and also participates in any other treatment that his supervising probation officer might recommend as beneficial.  Ideally, the recommended sentence will serve to protect the public by limiting the defendant's access to children, deterring the defendant and others like him from engaging in future similar crimes, and also providing the defendant an opportunity to work towards rehabilitation.

### III.  CONCLUSION

Based on the foregoing, it is respectfully requested that the Court sentence the defendant to 180 months of imprisonment with 12 years of supervised release to follow.

| | |
|---|---|
| Dated: February 3, 2025 | MICHELE BECKWITH<br>Acting United States Attorney |
| | By: /s/ ARIN C. HEINZ<br>ARIN C. HEINZ<br>Assistant United States Attorney |